**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PENNY LEWIS, individually and on behalf )
of all others similarly situated, )
                                  )
               Plaintiff, )
       v. )     Case No. 4:22-cv-00228-SEP
                                  )
MHM HEALTH PROFESSIONALS, LLC, )
                                  )
            Defendant. )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Equitable Tolling, Doc. [163]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

On February 24, 2022, Plaintiff Penny Lewis filed this lawsuit alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., including failure to properly pay employees following a December 2021 ransomware attack that caused a temporary outage of Defendant's timekeeping software, Kronos. Doc. [1]. Between September and December of 2023, the Court received four motions: from Plaintiffs, a Motion for Conditional Certification Pursuant to the Fair Labor Standards Act, Doc. [87], and a Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23, Doc. [88]; from Defendants, a Motion for Partial Summary Judgment on Plaintiff's Kronos-Related Claims, Doc. [101], and a Motion for Partial Summary Judgment on Plaintiff's Arizona Wage Act Security Screening and Unjust Enrichment Claims, Doc. [130]. The Court ruled on all four on March 31, 2026. *See* Docs. [159], [160], [161], [162].

In its order granting conditional certification on Plaintiff's FLSA claim based on the Kronos outage, the Court noted that Plaintiff had filed 31 written consents for Opt-In Plaintiffs who wish to join this action, and that absent equitable tolling, no more putative plaintiffs could join the action. Doc. [162] at 2, 24. The Court therefore invited briefing on equitable tolling. *See* Doc. [162] at 24 (citing an earlier analysis of equitable tolling in the FLSA context by the undersigned in *Dixon v. Edward D. Jones & Co., L.P.*, 2022 WL 4245423 (E.D. Mo. Sept. 15, 2022)). In response, Plaintiff filed a brief arguing that the long delay between the filing of her

conditional certification motion and the Court's ruling on it warrants tolling the statute of limitations. Doc. [163-1] at 1. Defendant countered that Plaintiff has not established that any putative plaintiffs have diligently pursued claims or that extraordinary circumstances are present. Doc. [165] at 9. This Order follows.

**DISCUSSION**

## I.      Equitable tolling is a rare form of relief applied only in exceptional circumstances.

"The purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties." *Dixon v. Edward D. Jones & Co., L.P.*, 2022 WL 4245423, at *5 (E.D. Mo. Sept. 15, 2022) (quoting *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)). "The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Id.* (quoting *Pecoraro*, 435 F.3d at 875). "Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling 'is an exception to the rule, and should therefore be used only in exceptional circumstances.'" *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995)); *see also Fair v. Commc'ns Unlimited, Inc.*, 2019 WL 4695942, at *2 (E.D. Mo. Sept. 26, 2019) ("Equitable tolling is a 'limited and infrequent form of relief.'") (quoting *Smithrud v. St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))); *Pecoraro*, 435 F.3d at 875 ("Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim.") (citation omitted); *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011) ("The doctrine of equitable tolling does not apply to 'garden variety' claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control.") (citation omitted).

## II.      The text of the FLSA disfavors equitable tolling.

"The Eighth Circuit has not directly addressed the issue of equitable tolling in FLSA cases," and "[d]istrict courts have taken varying approaches." *Fair*, 2019 WL 4695942, at *3 (citation omitted). Some courts have found that "delays caused by the court can constitute 'extraordinary circumstances'" justifying equitable tolling. *MacMann v. Tropicana Ent., Inc.*, 2020 WL 2747303, at *2 (E.D. Mo. May 27, 2020) (citing *Davenport v. Charter Comm'ns*, 2014 WL 2993739, at *6-8 (E.D. Mo. July 3, 2014)). Others have found that the text of the FLSA

2

does not favor equitable tolling, and that there is "nothing extraordinary" about a delay between filing a motion and issuing notice to the potential collective, *Fair*, 2019 WL 4695942, at *3 (citing *Davenport*, 2014 WL 2993739, at *4).

Because "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute," *United States v. Beggerly*, 524 U.S. 38, 48 (1998), the Court begins with the text of the FLSA, which grants a claim for relief that can be pursued by collective action:

> An action to recover [against an employer who violates the provisions of Sections 206 or 207] **may be maintained against any employer . . . by any one or more employees for and in behalf of [her]self or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless [s]he gives [her] consent in writing to become such a party** and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added).  But it also provides a time limitation for filing such a claim:

> Any action . . . if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and **every such action shall be forever barred unless commenced within two years after the cause of action accrued**, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a) (emphasis added).

The text of the FLSA thus bars an action unless it is filed within two years of the date on which the cause of action accrues.  29 U.S.C. § 255(a).  If the violation was willful, the limitations period is three years.  *Id.*  And unlike a putative plaintiff in a Rule 23 class action, someone who falls within the description of a FLSA collective is neither a party to the action nor bound by any judgment unless he or she *opts into* the action by filing his or her written consent.  *See Fair*, 2019 WL 4695942, at *2 (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)).  Thus, the statute of limitations runs for each putative plaintiff from when her cause of action accrues until she elects to join someone else's suit or file her own.  *See Fair*, 2019 WL 4695942, at *2 (citing *Davenport*, 2014 WL 2993739, at *4).

While courts should "rarely invoke doctrines such as equitable tolling" in general, *Pecoraro*, 435 F.3d at 875, the statutory text provides additional grounds for forbearance in the FLSA context in particular:

> First, the statutory text of § 255(a) does not lend itself to equitable tolling ("every such action shall be forever barred unless commenced within [two or three years] . . ").  Second, had Congress wanted to extend the limitations period in

3

collective actions, it could easily have done so by, for example, building in a tolling period between commencement of the action and the opt-in period or by expressly granting courts authority to toll the limitations period. Third, in the 45 years since the Supreme Court held in *American Pipe* that tolling applies to Rule 23 opt out class actions, Congress has not amended § 255 or otherwise provided for tolling in FLSA collective actions. Fourth, the structure of the FLSA, including the grace-period provisions of § 255(b), (c), and (d), further show that Congress could have built tolling into the statutory text but chose not to. Fifth, the opt-in process for FLSA collective actions inherently involves delay between filing and opting in, so extending the limitations period based on litigation delays contravenes the structure that Congress chose.

*Fair*, 2019 WL 4695942, at \*3. The text of the FLSA thus disfavors equitable tolling. Nevertheless, the Court proceeds to consider Plaintiff's proposed application of the doctrine to the circumstances of this case.

### III.    Plaintiff fails to establish that putative plaintiffs have been diligently pursuing their rights to bring FLSA actions against Defendant.

"The doctrine of equitable tolling permits a plaintiff to 'sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances.'" *Pecoraro*, 435 F.3d at 875 (citation omitted). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace*, 544 U.S. at 418.

As explained in *Pace*, *the person seeking the benefits* of equitable tolling must show that *she* has been pursuing *her* rights diligently. *Id*. The doctrine of equitable tolling is properly invoked when an individual has been unjustly barred from asserting a claim against another for reasons beyond her control. *See Pecoraro*, 435 F.3d at 875. Whether that individual pursued her claim with diligence is relevant to whether her claim expired for reasons beyond her control. But whether another individual diligently pursued a similar claim is of little relevance. In determining whether future putative plaintiffs have diligently pursued their rights, it would make little sense for the Court to consider the diligence of a plaintiff who has already filed suit and is not in need of tolling. *See Olukayode v. UnitedHealth Group*, 2020 WL 1486058, at \*2 (D. Minn. Mar. 27, 2020) ("The relevant question is not whether *Plaintiff* diligently pursued his rights . . . but whether the *potential plaintiffs* have diligently pursued their rights, for they are the individuals the statute of limitations potentially could adversely affect.") (emphasis in original).

Despite the Court directing the parties to its earlier analysis of this issue in *Dixon v. Edward D. Jones & Co., L.P.*, which plainly sets forth the standard it applies here, Plaintiff's

4

briefing does not apply or even acknowledge that standard—not even to argue that it is wrong or inapplicable.[1]  *Compare* Doc. [162] at 24 (citing *Dixon*, 2022 WL 4245423, in putting the question of equitable tolling before the parties), *with* Doc. [163-1].  Plaintiff also does not attempt to apply the standard this Court has adopted by arguing that future putative plaintiffs have diligently pursued their claims against Defendants.  Instead, she argues that equitable tolling is warranted because "Plaintiffs *in this case* diligently pursued certification on behalf of the putative collective."  Doc. [163-1] at 5 (emphasis added).  Because Plaintiff makes no argument that putative opt-in plaintiffs have diligently pursued their rights to bring claims against Defendant, she fails to satisfy the first prong of *Pace*.  *Pace*, 544 U.S. at 418.

## IV.    Plaintiff fails to establish that some extraordinary circumstance prevented putative plaintiffs from pursuing their claims.

 "After the statutory time period has expired," *Pecoraro*, 435 F.3d at 875, if a litigant was prevented from suing prior to the expiration of the statute of limitations and seeks an equitable toll thereof, that litigant must establish that she was unable to timely bring suit because "some extraordinary circumstance stood in [her] way," *Pace*, 544 U.S. at 418.  As aptly explained by another district court considering a similar request, the doctrine of equitable tolling is applicable only when an individual's *own claim* has been inequitably barred, not when notice to that individual of someone else's claim has been delayed:

> In asserting that the delay attendant to ruling on the conditional certification
> motion prevented them from asserting their rights, what the plaintiffs really mean
> is that potential opt-ins have no way to know of the filing of the putative

---

[1] The following advice may seem obvious, but as it has not been followed here, the Court takes the time to spell it out:  A litigant hoping to persuade a court to depart from its own earlier analysis of an issue would do well to actually address that analysis.  It also behooves counsel who expect an unsettled legal issue to have a significant effect on the future of a case to research the Court's past jurisprudence on the subject—e.g., the Court's order on equitable tolling in *Dixon*, which was published a full year before Plaintiff filed her Motion for Conditional Certification—so that they can timely take steps to preserve their clients' interests.  Here, such steps might have included soliciting opt-ins before the limitations period expired in anticipation of the likelihood that it would expire before a ruling on conditional certification and that equitable tolling would not be granted.  Alternatively, counsel could have raised the issue of equitable tolling *before* the lapse of the limitations period.  In *Dixon*, for example, the issue was raised in opposition to a proposed stay of discovery.  Here, by contrast, Plaintiff's counsel requested or consented to many deadline extensions before finally filing the Motion for Conditional Certification only a few months before the likely end of the limitations period—far too late for both a ruling and the notice process to be completed before it closed.  Because Plaintiff's counsel's own decisions ensured that there could be no notification of putative opt-ins before the end of the limitations period, they cannot credibly claim that the time it took the Court to rule on the motion caused that outcome.  One cannot argue that an outcome was beyond one's control after creating circumstances under which it was inevitable.

collective action until notice is issued.  That is not entirely true, but is in any event irrelevant.  **The question is not whether delay in issuing notice prevented others from learning about this law suit but whether such delay prevented them from discovering their own claims once those claims accrued**.  The plaintiffs assert that those who opted in within the period permitted by the conditional certification order exercised the required diligence because they did not sit on their rights once notified of the potential claim against the defendants.  But nothing in FLSA suggests that once one plaintiff has asserted a claim against an employer, all other potential plaintiffs are relieved of their respective obligations to exercise their own diligence with respect to the investigation and/or assertion of their own claims against that employer.  As the defendants point out, in asking the Court to issue a blanket tolling order, the opt-in plaintiffs effectively seek a ruling that none of them was on notice of a potential claim before they received notice of this law suit and their right to join it.

*Sylvester v. Wintrust Financial Corporation*, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014) (emphasis added).  Once again, although the Court pointed the parties to its own past analysis of this issue, Plaintiffs ignore it and focus on the delay in notice to the putative plaintiffs caused by the time it took this Court to rule on its pending motions.

Plaintiff argues that because the time it took this Court to certify the collective was beyond putative plaintiffs' control, they should be granted equitable tolling.  Doc. [163-1] at 4.  The underlying factual premise of that argument—i.e., that the time the motions spent pending used up the limitations period—is specious.  *See supra* note 1.  But it is also beside the point.  Plaintiffs present no evidence that anything to do with this litigation *prevented* putative plaintiffs from asserting their claims against Defendant.  Lewis has filed 31 consent forms from Opt-In Plaintiffs, representing 28 eligible Plaintiffs.  Doc. [162] at 2; Doc. [165] at 18.  In other words, at least 28 individuals recognized that they had the right to bring suit against Defendant.  As Defendant points out, all putative class members had notice that they were not being paid accurately during the three Kronos-affected pay periods.  Doc. [165] at 17.  Putative opt-ins had the same notice of their potential claims as current Plaintiffs.  *Id.*

Ignorance of one's legal rights does not excuse a person from the operation of a statute of limitations.  *See Hembree v. Mid-Continent Transport, Inc.*, 2012 WL 2871101, at *1 (W.D. Mo. July 12, 2012) (denying motion for equitable tolling because the plaintiffs "had a duty to inform themselves rather than let years go by without taking action," and because "[i]gnorance of their legal rights does not excuse plaintiffs," for otherwise "tolling would be routine").  If Opt-In Plaintiffs were able to recognize their rights to bring a claim without notice from someone else,

6

then "[i]t appears that potential opt-in plaintiffs have had the same notice of their rights and obligations available to them as did [Plaintiffs]." *Greenstein v. Meredith Corp.*, 2013 WL 4028732, at *3 (D. Kan. Aug. 7, 2013).  Plaintiffs have not shown that putative opt-ins were barred from discovering and bringing their claims against Defendant by judicial delay or anything else, and thus they have not satisfied the second prong of the *Pace* test.

CONCLUSION

Plaintiff has not demonstrated that equitable tolling is warranted under the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Equitable Tolling, Doc. [163], is **DENIED.**

Dated this 6th day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE